O

# United States District Court
# Central District of California

| | |
|---|---|
| DR. SUMAYYAH AL-NASSER; SUMAYA 369, LLC,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>SHAY SERDY,<br><br>　　　　Defendant. | Case No. 2:20-cv-03582-ODW (Ex)<br><br>**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [30]** |

## I.　INTRODUCTION

Plaintiffs Dr. Sumayyah Al-Nasser and Sumaya 369, LLC ("Plaintiffs") apply *ex parte* for a temporary restraining order ("TRO") and preliminary injunction against Defendant Shay Serdy ("Serdy" or "Defendant"). (Ex Parte Appl. for TRO ("TRO"), ECF No. 30.) For the reasons below, the Court **DENIES** Plaintiffs' application.

## II.　BACKGROUND

Dr. Sumayyah Al-Nasser ("Al-Nasser"), "an internationally recognized life and career coach," alleges that she hired Serdy in 2016 "to help her digitalize her . . . books, lectures and teachings for the purpose of creating an online [life coaching] business." (First Am. Compl. ("FAC") ¶¶ 2, 4, ECF No. 18.) In contrast, Serdy contends she was more than just an employee and that the women had a mutual

partnership with each owning a fifty percent interest in all products of the life coaching practice ("Practice"). (Opp'n to TRO ("Opp'n") 1, ECF No. 31; Decl. of Shay Serdy ("Serdy Decl.") ¶ 5, ECF No. 31-1.)

In early 2020, the parties' relationship deteriorated. (*See* FAC ¶¶ 49–57.) Plaintiffs claim that Serdy applied for copyrights of Al-Nasser's works as a co-author, took control of the online accounts and websites, and embezzled funds from the Practice. (FAC ¶¶ 49–51.) On March 27, 2020, Al-Nasser terminated Serdy's employment. (FAC ¶ 57.) Serdy then filed a lawsuit against Al-Nasser in the Superior Court of California "to enforce [Serdy's] 50% interest" in the Practice. (Serdy Decl. ¶ 8.) Serdy asserts that the termination triggered a provision in their agreement that required the parties to negotiate a division of assets of the Practice. (Serdy Decl. ¶ 8.) Plaintiffs characterize Serdy's negotiations and state court suit as extortion. (*See* FAC ¶¶ 10–11.) Thus, on April 17, 2020, Plaintiffs initiated this federal action against Serdy. (*See* Compl., ECF No. 1.) Plaintiffs assert eight claims against Serdy in this action, including copyright and trademark infringement, computer fraud, racketeering, misappropriation of trade secrets, and conversion. (FAC ¶¶ 73–128.)

Plaintiffs now seek a TRO and mandatory preliminary injunction against Serdy. (*See* TRO.) Plaintiffs claim that, while Serdy was an employee, she changed the passwords for the Practice's online accounts and is now threatening to cancel those accounts on June 19, 2020. (TRO 6–8.) Plaintiffs ask the Court for a TRO ordering Serdy not to cancel the accounts and a preliminary injunction forcing Serdy to give Plaintiffs the passwords. (TRO 6–8.) Serdy opposes the injunction and asserts she did not change any passwords and that Al-Nasser has always had access to the Practice's online accounts (along with other Practice account administrators and employees). (*See* Opp'n; Serdy Decl. ¶¶ 14–15.)[1]

---

[1] In her opposition, Serdy requests an order directing Plaintiffs not to destroy any records of the Practice and to deposit all income from the Practice with the Court during the pendency of this litigation. (*See* Opp'n 11–12.) The Court does not entertain Serdy's improper request.

### III.  LEGAL STANDARD

A temporary restraining order is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008); *see Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) (discussing that plaintiffs "face a difficult task in proving that they are entitled to this 'extraordinary remedy'"). The standard for issuing a temporary restraining order is "substantially identical" to that for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain this relief, a plaintiff must establish the "*Winter*" factors: (1) "he is likely to succeed on the merits"; (2) "he is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in his favor"; and (4) "an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). In the Ninth Circuit, the *Winter* factors may be evaluated on a sliding scale: "serious questions going to the merits, and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation marks omitted).

---

Additionally, Plaintiffs filed a "Supplement to Ex Parte Application" subsequent to Serdy's Opposition. (*See* Suppl., ECF No. 32.) "No party may file a reply [to an ex parte application] unless expressly authorized by the Court." Judge Wright's Standing Scheduling and Case Management Order, https://www.cacd.uscourts.gov/honorable-otis-d-wright-ii. Plaintiffs' Supplement constitutes an unauthorized Reply and the Court does not consider it here. Accordingly, Serdy's Request to Strike the Supplement is **DENIED** as moot. (ECF No. 33.)

Finally, Serdy objects to nearly the entirety of the declarations submitted by Plaintiffs in support of their application. (*See* Objs to Decl. of Perry C. Wander, ECF No. 31-4; Objs. to Decl. of Sumayyah Al-Nasser, ECF No. 31-5.) To the extent the Court relies on evidence to which Serdy objects, the objection is **OVERRULED**. The Court also **DENIES** Serdy's Request for Judicial Notice of the Complaint filed in this matter. (Def.'s Req. J. Notice, ECF No. 31-3.)

Prohibitory injunctions preserve the status quo by ordering the defendant to refrain from certain acts. *Hernandez v. Sessions*, 872 F.3d 976, 998 (9th Cir. 2017); *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994). Mandatory injunctions, on the other hand, "go[ ] well beyond simply maintaining the status quo," and instead order a party to "take action." *Stanley*, 13 F.3d at 1320; *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). When a plaintiff seeks mandatory injunctive relief, she must "establish that the law and facts *clearly favor* her position, not simply that she is likely to succeed." *Garcia*, 786 F.3d at 740. Mandatory injunctions are "particularly disfavored"; they will generally not be granted "unless extreme or very serious damage will result and are not issued in doubtful cases." *Am. Freedom Def. Initiative v. King Cty.*, 796 F.3d 1165, 1173 (9th Cir. 2015) (quoting *Marlyn Nutraceuticals, Inc v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 878–79 (9th Cir. 2009)).

## IV.   DISCUSSION

Plaintiffs seek a prohibitory TRO preventing Serdy from canceling the Practice's online accounts and, subsequently, a mandatory preliminary injunction forcing Serdy to give Plaintiffs the passwords to those accounts. (TRO 6–8.) Accordingly, for the purposes of the instant TRO, the Court applies the standard governing prohibitory injunctions.

"The first factor under *Winter* is the most important—likely success on the merits." *Garcia*, 786 F.3d at 740. "Because it is a threshold inquiry, when a plaintiff has failed to show the likelihood of success on the merits, we need not consider the remaining three *Winter* elements." *Id.* (internal quotation marks omitted).

In their TRO application, Plaintiffs contend they are likely to succeed on four of their eight claims: (1) Computer Fraud and Abuse Act ("CFAA") (First Cause of Action); (2) Copyright Infringement (Fourth Cause of Action); and (3) Trademark Infringement (Fifth and Sixth Causes of Action). (*See* TRO 16–21.) The Court considers each in turn.

First, Plaintiffs have not shown they are likely to succeed on their CFAA claim. The CFAA is a criminal statute that prohibits certain computer crimes. *See* 18 U.S.C. § 1030 *et seq.* It also permits a private cause of action under certain circumstances, including where prohibited conduct causes the loss of at least $5000 in one year. *Id.* § 1030(g); *id.* § 1030(c)(4)(A)(i)(1). Plaintiffs allege their claim falls within this exception. (FAC ¶ 75; TRO 17.) Plaintiffs argue Serdy accessed the Practice's computer when she was an employee and altered the account passwords. (TRO 18.) They contend Serdy was "not authorized to alter these passwords" and therefore exceeded her authorization "in violation of 18 U.S.C. § 1030(e)(6)." (TRO 18.) Each of Plaintiffs' CFAA claims rely on the contention that Serdy "exceeded authorized access" when she changed the passwords.[2]

The phrase "exceeds authorized access" in the CFAA is "limited to violations of restrictions on *access* to information, and not to restrictions on its *use*." *United States v. Nosal*, 676 F.3d 854, 864 (9th Cir. 2012). In *Nosal*, the court held that employees who had permission to access a computer and its files, but who used that information in an unauthorized way, did not "exceed authorized access" under the CFAA. *Id.* This is precisely what Plaintiffs claim here. They do not contend Serdy's *access* was unauthorized, only that she *used* that access in an unauthorized way, i.e., to change the passwords. Thus, under *Nosal*, Plaintiffs are not likely to succeed on their CFAA claim.

Even if the CFAA applied as Plaintiffs desire, Plaintiffs still fail to establish a likelihood of success. Plaintiffs submit the Declaration of Al-Nasser stating that Serdy changed the passwords, but offer no other evidence in support of this allegation. (*See* Decl. of Sumayyah Al-Nasser ("Al-Nasser Decl.") ¶¶ 10–11, ECF No. 30-2.) Serdy submits her own declaration stating that she did *not* change any account

---

[2] Plaintiffs allege Serdy violated § 1030(a)(2)(c) by accessing the Practice's computer and "exceeding authorized access"; § 1030(a)(5)(A) by "commandeering Plaintiff[s'] business; and § 1030(a)(7) by "holding Plaintiffs' business hostage in an attempt to extort millions." (FAC ¶¶ 76, 79, 80.)

1 passwords. (Serdy Decl. ¶ 14.) Thus, the evidence is in equipoise and Plaintiffs have
2 not met their burden to show likelihood of success on the merits.

3 Second, Plaintiffs have not shown they are likely to succeed on their copyright
4 infringement claim. Plaintiffs allege that Serdy infringed Plaintiffs' copyrights by
5 applying for copyrights of Plaintiff's materials as a co-author and by controlling
6 Plaintiffs' online accounts. (FAC ¶¶ 100, 103–04.) Al-Nasser filed her applications
7 for copyrights of these materials on April 30, 2020. (TRO 19.) But a copyright owner
8 may not sue for infringement of a copyright before the Register of Copyrights has
9 registered the copyright, that is, processed and issued a decision on the application.
10 *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 886, 891
11 (2019). Plaintiffs submit no evidence showing that they have a valid registered
12 copyright. (*See* Decl. of Perry C. Wander ("Wander Decl.") ¶ 23 (stating only that Al-
13 Nasser has applied), ECF No. 30-1.) Accordingly, Plaintiffs have not shown they are
14 likely to succeed on their copyright claim, nor have they raised serious questions
15 going to its merits.

16 Finally, Plaintiffs have not shown they are likely to succeed on their trademark
17 infringement claims. Plaintiffs contend that Al-Nasser is the owner of the trademarks
18 "Sumaya369," "Sumaya," and the "369" logo on the Sumaya369.com website.
19 (TRO 20–21; Al-Nasser Decl. ¶¶ 14, 18 (claiming ownership of registered trademark
20 "Sumaya 369"); *but see* Wander Decl. ¶ 22 (stating Al-Nasser *applied* for trademark
21 registration on April 24, 2020).) Plaintiffs assert claims for statutory and common law
22 trademark infringement, alleging that Serdy's use of the Sumaya369.com website, "to
23 continue selling Plaintiffs' video courses infringes on Plaintiff[s'] trademarks." (FAC
24 ¶¶ 109–19; TRO 21.) Plaintiffs support the assertion that Al-Nasser owns the
25 trademarks with Al-Nasser's declaration attesting to ownership, although somewhat
26 contradicted elsewhere in Plaintiffs' evidence. (Al-Nasser Decl. ¶¶ 14, 18; *but see*
27 Wander Decl. ¶ 22.) However, Plaintiffs point to no evidence, and the Court finds
28 none, to support their assertion that Serdy is using the Sumaya369.com website to sell

Plaintiffs' video courses online.  As Plaintiffs fail to support that Serdy engaged in any infringing conduct, they have not established a likelihood of success or raised serious questions going to the merits of their trademark infringement claims.

Likelihood of success on the merits is a threshold inquiry.  *Garcia*, 786 F.3d at 740.  As Plaintiffs have failed to establish they are likely to succeed or to raise serious questions going to the merits of any claim, the Court "need not consider the remaining three *Winter* elements."  *Id.*  Plaintiffs have not established they are entitled to the injunctions they seek.  Accordingly, the Court **DENIES** Plaintiffs' application.

### V.   CONCLUSION

For the foregoing reasons, the Court finds that Plaintiffs have not satisfied the difficult task to establish that they are entitled to the extraordinary remedy of a temporary restraining order or preliminary injunction.  Accordingly, the Court **DENIES** Plaintiffs' application.  (ECF No. 30.)

**IT IS SO ORDERED.**

June 12, 2020

_____
                **OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**